IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THOMAS MACK PRATT                                                          PLAINTIFF

V.                              Case No. 4:25-CV-00476-KGB-BBM

ERIKA GREEN, Nurse, W.C. Brassell
Detention Center                                                           DEFENDANT

## RECOMMENDED DISPOSITION

     The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.      BACKGROUND

     On May 12, 2025, Plaintiff Thomas Mack Pratt ("Pratt"), an inmate in the W.C. Brassell Adult Detention Center ("Detention Center"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant Nurse Erika Green ("Nurse Green") violated his constitutional rights. (Doc. 2). Before Pratt may proceed with this action, the Court

must screen his claims in accordance with the Prison Litigation Reform Act ("PLRA").[1]
28 U.S.C. § 1915A(a).

## II.  ALLEGATIONS

Pratt alleges that he is a cancer patient who, prior to his incarceration, was being treated at the University of Arkansas for Medical Sciences ("UAMS"). (Doc. 2 at 4–5). On March 31, 2025, he was transported from the Detention Center to the local hospital. *Id.* at 4. After ten-and-a-half hours of waiting without food or water and "being ignored by [h]ospital staff," Pratt signed a release form and left the hospital "without paperwork." *Id.* at 4–6.

Pratt was transported back to the Detention Center by non-defendant Officer Lewis. (Doc. 2 at 4). When he arrived, Officer Lewis told Nurse Green that Pratt had signed a release form and left the hospital. *Id.* Nurse Green, in turn, told Pratt, "don't ask me for anything else, 'I can't help you anymore.'" *Id.*

Pratt admits that, since March, Nurse Green has been providing him the same medication his UAMS doctor was providing him. (Doc. 2 at 5). That is not his problem with Nurse Green. *Id.* Instead, Pratt states:

> "[M]y problem is this, Nurse Erika Green tells me (a cancer patient) that she
> can't do anything to help me. A nurse in the medical field tells a cancer

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

patient she can't help me anymore, just because I left the hospital without paperwork, cause I felt like I was being ignored."

*Id.* (minor corrections made throughout).

Pratt believes that Nurse Green should have asked Officer Lewis *why* he left the hospital without being seen. (Doc. 2 at 6). He is "suing [Nurse] Green for telling a cancer patient [] that she can't help [him] anymore," so she will not be able to do the same thing to another cancer patient. *Id.*

Pratt sues Nurse Green in her official and individual capacity. (Doc. 2 at 2). For relief, he seeks to have Nurse Green's medical degree and license revoked and $2.5 million in damages, so Nurse Green can pay for his cancer treatment. *Id.* at 7.

## III.    DISCUSSION

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849

(8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing Pratt's Complaint, he *may* be asserting a medical-deliberate-indifference claim against Nurse Green. In order to state a claim based on medical deliberate indifference, Pratt must allege facts showing: (1) he had an objectively serious medical need; and (2) Nurse Green knew of but deliberately disregarded that need. *De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 802 (8th Cir. 2022). Deliberate indifference can be shown in a variety of ways, including a "decision to take an easier and less efficacious course of treatment," an intentional delay or denial of access to medical care; "[m]edical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care;" or intentional interference with a prescribed treatment. *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (citations omitted); *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

Here, Pratt does not complain about the medical care provided by Nurse Green. (Doc. 2 at 5–6). In fact, he admits that Nurse Green has been providing him the same medication he was prescribed prior to incarceration. (Doc. 2 at 5). Instead, Pratt takes issue with Nurse Green's statement that she "can't help" him anymore—namely, because he believes it is unprofessional for a medical professional to say such a thing. *Id.* at 4, 6–7.

Generally, mere words do not amount to a constitutional violation. *See, e.g., Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) ("Verbal abuse by correctional officials, even the use of reprehensible racially derogatory language, is not by itself unconstitutional race discrimination 'unless it is pervasive or severe enough to amount to racial harassment.'");

*King v. Olmsted Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997) ("Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim."); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (holding being called an "obscene name" and "defamed" does not state a constitutional claim). And in this case, Nurse Green's words that she "can't help" Pratt fall far short of stating any viable constitutional violation.

As such, Pratt fails to state a claim for relief against Nurse Green. It is, therefore, recommended that Pratt's Complaint, (Doc. 2), be dismissed without prejudice for failure to state a claim for relief.

## IV.    CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.    Pratt's Complaint, (Doc. 2), be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 15th day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE